# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 04-CR-0145-001-TCK** |
| | ) | |
| **MARSHA ANNE HERRING,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION AND ORDER</u>

Before the Court is the Court's *sua sponte* motion to modify the judgment (Doc. 54) by reducing the term of supervised release imposed.

In December 2004 Defendant was convicted of Count One – identity theft, in violation of 18 U.S.C. §§ 1028(a)(7) and (c)(3)(A), and Counts Two and Three – bank fraud, in violation of 18 U.S.C. § 1344(1). In March 2005 Defendant was sentenced to concurrent terms of 32 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release in Counts Two and Three and a three-year term in Count One. In May 2007 Defendant's term of supervised release in Count Two was revoked and she was sentenced to a 15-month term of imprisonment and a 39-month term of supervised release (Doc. 27)[1]. In June 2010 Defendant's terms of supervised release were revoked, resulting in 21 months imprisonment as to each of Counts One, Two and Three, to be followed by a 15-month term of supervised release as to Count One and a 39-month term of supervised release as to each of Counts Two and Three, all terms to run concurrently, each with the other (Doc. 54). In imposing the revocation sentences and reimposing the terms of

---

[1] The terms of supervised release in Counts One and Three were not revoked. Pursuant to 18 U.S.C. § 3624(e), the terms tolled during Defendant's imprisonment on Count Two.

supervised release, the Court was guided by 18 U.S.C. § 3583(e) as amended by the PROTECT Act, which sets forth the length of a term of imprisonment that can be imposed as a revocation sentence, and § 3583(h), which authorizes a court to impose a term of supervised release following a revocation sentence. The Act amended § 3583(e)(3) to provide that "a defendant whose term is revoked . . . may not be required to serve *on any such revocation* more than" the prison sentence that applies to the grade of the offense of conviction. The Court interpreted these revisions as authorizing imposition of the maximum term of imprisonment and reimposition of the maximum term of supervised release less the instant term revoked, applied anew to each revocation sentence. See also United States v. Lewis, 504 F. Supp.2d 708 (W.D. Mo. 2007), *aff'd*, 519 F.3d 822 (8th Cir. 2008); United States v. Williams, 425 F.3d 987, 989 (11th Cir. 2005); United States v. Tapia-Escalera, 356 F.3d 181, 188 (1st Cir. 2004)(*dicta*).

The Tenth Circuit recently ruled that a district court's authority to reimpose a term of supervised release is limited to the term of supervised release authorized under § 3583(b) less the aggregate of the instant and previous revocation imprisonment terms. United States v. Hernandez, ___ F.3d ___, 2011 WL 3673042 (10th Cir. 2011). Accordingly, the Court's authority to reimpose supervised release in Count Two at Defendant's second revocation was limited to the maximum term authorized under § 3583(b)(2), a term of 60 months, less 36 months, the sum of all revocation imprisonment terms. The Court's sentence that included the reimposition of supervised release of 39 months in Count Two was contrary to § 3583(h) and Hernandez, which permit a term of no more than 24 months

Based on equitable considerations and the statutory structure of § 3583(e)(1) and (2), the provisions authorizing modification of the term of supervised release, the Court corrects the sentence imposed by reducing the length of supervised release.

**IT IS THEREFORE ORDERED** that the judgment (Doc. 54) is hereby modified to reduce term of supervised release in Count Two from a term of 39 months, to a term of 24 months.

**IT IS FURTHER ORDERED** that all other terms and provisions of the judgment are unchanged and shall remain the same as originally entered.

**DATED** this 21st day of September, 2011.

**TERENCE KERN**
**United States District Judge**